UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSICA P.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C20-5432-MLP

ORDER

## I.       INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred: (1) by excluding rheumatoid arthritis at step two, (2) in assessing certain medical opinions, and (3) discounting her subjective testimony. (Dkt. # 23 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.       BACKGROUND

Plaintiff was born in 1976, has a high school diploma, and has worked as an in-home caregiver, cashier, temporary laborer, and cook. AR at 248. Plaintiff was last gainfully employed in July 2016. *Id.*

ORDER - 1

In January 2017, Plaintiff applied for benefits, alleging disability as of July 11, 2016. AR at 211-18. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 133-36, 142-57. After the ALJ conducted a hearing in December 2018 (*id*. at 37-74), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-29.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff has the following severe impairments: cervical spine degenerative disc disease and radiculopathy, status-post decompression and spinal fusion; lumbar spine degenerative disc disease; diabetes; obesity; hypertension; and depression.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Plaintiff can perform sedentary work with additional limitations: Plaintiff can occasionally reach overhead, and frequently reach at or below shoulder level. She can frequently handle and finger. She can have no contact with the public. She can work in proximity to, but not in cooperation with, co-workers. She can have occasional contact with supervisors. She can occasionally stoop and crouch. She can never squat; crawl; kneel; or climb ramps, stairs, ladders, ropes, and scaffolds. She will be off-task at work up to 9%, but can still meet minimum production requirements. She will have five unscheduled absences per year.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 17-29.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

### IV.    DISCUSSION

**A.    The ALJ Harmfully Erred in Assessing Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in assessing two medical opinions, written by consultative examiner Hayden Hamilton, M.D., and treating nurse Jennifer Minor, ARNP.[3] The

---

[3] In the opening brief, Plaintiff also argued that the ALJ erred in failing to address the opinion of a State agency single decisionmaker. (Dkt. # 23 at 5-7.) The Commissioner correctly indicated that the opinions of single decisionmakers do not constitute medical opinions per agency policy, and thus the ALJ was not

Court will address each disputed opinion in turn.

### 1. Legal Standards[4]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ must provide germane reasons to discount an opinion written by a non-acceptable medical source. *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (lay testimony from non-acceptable medical sources may be expressly disregarded if the ALJ gives germane reasons for doing so).

### 2. Dr. Hamilton's Opinion

Dr. Hamilton examined Plaintiff in December 2018 and wrote a narrative opinion and completed a checkbox form describing Plaintiff's symptoms and limitations. AR at 766-78. The ALJ gave significant weight to most of Dr. Hamilton's opinion, but rejected the reaching and environmental limitations he indicated, and also found Plaintiff to be more limited as to handling

---

required to address this opinion. (Dkt. # 24 at 3-4.) Plaintiff does not address this argument in reply. (Dkt. # 25.) Because the opinion of a single decisionmaker does not constitute a medical opinion, the Court finds no error in the ALJ's failure to explicitly weigh this opinion. *See Morgan v. Colvin*, 531 Fed.App'x. 793, 794-95 (9th Cir. Jun. 21, 2013) ("An ALJ may not accord any weight, let alone substantial weight, to the opinion of a non-physician [single decisionmaker]." (citing Program Operations Manual System DI 24510.050, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510050 (last accessed April 12, 2021))).

[4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

1   and fingering than Dr. Hamilton described. *Id.* at 26. Plaintiff challenges the ALJ's rejection of

2   the reaching limitations identified by Dr. Hamilton. (Dkt. # 23 at 11-15.)

3          Dr. Hamilton opined that Plaintiff could never reach in any direction with her right arm.

4   AR at 775. The ALJ found this limitation to be unsupported by the record, including Dr.

5   Hamilton's examination, which showed that Plaintiff maintained grip strength and had no muscle

6   atrophy, even though he did document slightly decreased muscle strength, reduced range of

7   motion, and sensory loss in the right upper extremity. *Id.* at 26. The ALJ also found Dr.

8   Hamilton's reaching opinion to be inconsistent with Plaintiff's ability to complete her self-care

9   activities (specifically brushing teeth and washing/combing hair) independently. *Id.*

10          The Commissioner argues that the ALJ reasonably interpreted the record to find Dr.

11   Hamilton's reaching opinion inconsistent with his exam findings. (Dkt. # 24 at 12.) Plaintiff

12   contends that the ALJ's interpretation is unreasonable because Dr. Hamilton documented many

13   abnormal findings that would support the reaching limitations he indicated, and because Dr.

14   Hamilton reviewed other evidence (various treatment notes and evaluation reports (AR at 766))

15   that would also support his reaching limitation. (Dkt. # 23 at 12-13.)

16          The ALJ referred to Dr. Hamilton's findings of normal grip strength and lack of muscle

17   atrophy as inconsistent with the reaching limitation he identified, although the ALJ also

18   acknowledged that some of Dr. Hamilton's findings were abnormal. AR at 26. That Plaintiff

19   would prefer that the ALJ rely on Dr. Hamilton's abnormal findings to accept the reaching

20   limitation, rather than rely on his normal findings to reject the reaching limitation, does not show

21   that the ALJ's finding was unreasonable. It is within the ALJ's province to assess the consistency

22   of a physician's findings and conclusions. *See, e.g.*, *Bayliss v. Barnhart*, 427 F.3d 1211, 1216

23   (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between

opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province"). Because the ALJ pointed to normal findings that at least arguably constitute an inconsistency with Dr. Hamilton's reaching limitation, the Court will not disturb this portion of the ALJ's decision.[5]

3.      *Ms. Minor's Opinion*

In November 2017, Plaintiff had an appointment with Ms. Minor to follow up after a fusion surgery, and continued to report "significant neck pain." AR at 660. Ms. Minor performed a physical examination and concluded:

> At this time [Plaintiff] is unable to work due to her continued symptoms and pain. She is unable to tolerate sitting, standing or walking for greater than 20 minutes without changing position. She is restricted from lifting greater than 15lbs or high impact activities. It does not appear she would be ab[le] to tolerate prolonged sedentary work at this time due to pain symptoms.

*Id.* The ALJ gave "less weight" to this opinion because whether a claimant can work is an issue reserved to the Commissioner. *Id.* at 26-27; *see also* 20 C.F.R. § 416.927(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); Social Security Ruling 96-5p, 1996 WL 374183 (Jul. 2, 1996) (discussing medical opinions on issues reserved to the Commissioner).

Plaintiff argues that the ALJ erred in failing to address the functional limitations listed in Ms. Minor's opinion. (Dkt. # 23 at 7-8.) Indeed, the ALJ did not mention Ms. Peters' opinion that Plaintiff would need to change between sitting, standing or walking every 20 minutes, or

---

[5] The ALJ's other reason to discount Dr. Hamilton's reaching limitation (inconsistency with Plaintiff's ability to perform self-care activities) is not supported by substantial evidence. Plaintiff reported problems with the specific activities that the ALJ listed (*see, e.g.*, AR at 63-64, 275), and, as Plaintiff argues (dkt. # 23 at 14), she could also have performed any reaching elements of caring for her teeth or hair with her left hand, which would not contradict Dr. Hamilton's opinion as to Plaintiff's right-hand reaching limitations. This error is harmless, however, in light of the ALJ's other valid reason to discount Dr. Hamilton's reaching limitation.

ORDER - 6

1   that she could not lift more than 15 pounds or perform "high impact" activities. *See* AR at 660.

2          The Commissioner first argues that because the ALJ discounted Ms. Minor's opinion and

3   did not purport to credit any part of it, the ALJ did not need to provide a separate reason to

4   discount Ms. Minor's functional limitations. (Dkt. # 24 at 14-15 (citing *Dale v. Colvin*, 823 F.3d

5   941, 945 (9th Cir. 2016)).) *Dale* is not helpful to the Commissioner's position, however. In *Dale*,

6   the ALJ bifurcated an opinion and provided a reason to discount one part of the opinion, and the

7   Ninth Circuit found that the ALJ erred in relying on a reason that applied to only *part* of an

8   opinion to discount the entire opinion. 823 F.3d at 945. In this case, the ALJ did not bifurcate

9   Ms. Minor's opinion, yet nonetheless provided a reason to discount her entire opinion that only

10  applies to part of the opinion. There is no dispute that Ms. Minor's opinion touches on an issue

11  reserved to the Commissioner, but Ms. Minor also went on to specify functional limitations that

12  the ALJ neither addressed nor accounted for in the RFC assessment. The ALJ did not err in

13  failing to credit Ms. Minor's opinion to the extent it addressed an issue reserved to the

14  Commissioner, but because the ALJ provided no reason to discount the other portions of Ms.

15  Minor's opinion, and those portions conflict with the RFC assessment, the Court finds that the

16  ALJ erred with respect to the portion of Ms. Minor's opinion indicating functional limitation.

17         The Commissioner argues in the alternative that if the ALJ did err with respect to Ms.

18  Minor's opinion, because the ALJ credited more reliable medical opinions (namely Dr.

19  Hamilton's opinion and the State agency opinion) that contradict the limitations provided by Ms.

20  Minor, any error in failing to specifically discount Ms. Minor's functional limitations is

21  harmless. (Dkt. # 24 at 15.) Indeed, Dr. Hamilton opined that Plaintiff could stand/walk for up to

22  30 minutes at a time and sit for one hour at a time, which conflicts with Ms. Minor's opinion, but

23  the ALJ did not include Dr. Hamilton's sitting, standing, and walking limitations in the RFC

assessment. *Compare* AR at 22 *with id*. at 774. Thus, it does not appear that the ALJ fully

credited portions of Dr. Hamilton's opinion that contradict Ms. Minor's opinion, and the Court is

not persuaded that the ALJ's purported reliance on Dr. Hamilton's opinion resolves the error

related to Ms. Minor's opinion.

Furthermore, the ALJ himself afforded the same evidentiary value ("less weight") to the

State agency opinion as he did to Ms. Minor's opinion (AR at 26-27), and the ALJ's RFC

assessment is more restrictive than the State agency opinion, and thus the State agency opinion

does not necessarily constitute more reliable evidence that the ALJ *credited*. Thus, the Court is

not persuaded that the State agency opinion resolves the error related to Ms. Minor's opinion.

Accordingly, the Court finds harmful legal error in the ALJ's failure to provide any

reason to discount the functional limitations listed in Ms. Minor's opinion. On remand, the ALJ

shall reconsider Ms. Minor's opinion in its entirety and either credit it or provide legally

sufficient reasons to discount it.

### B.     The Court Need Not Resolve the Other Assignments of Error

Because this case must be remanded due to the error identified *supra*, the Court need not

address Plaintiff's other assignments of error. The ALJ relied in part on the medical evidence in

discounting Plaintiff's subjective allegations (AR at 23-25), and thus the ALJ's error with respect

to Ms. Minor's opinion impacts the ALJ's assessment of Plaintiff's testimony. Furthermore,

because this case will be remanded, Plaintiff will have another opportunity to address rheumatoid

arthritis and the ALJ can consider this condition in light of the updated record on remand.

### V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this

case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C.

§ 405(g). On remand, the ALJ should reconsider the functional limitations addressed in Ms. Minor's opinion, and reconsider Plaintiff's subjective allegations, rheumatoid arthritis, and any other parts of the decision as necessary in light of the updated record.

Dated this 12th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 9